AO 91 (Rev. 11/11)  Criminal Complaint (approved by AUSA Patrick J. Murray) 25-133

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>DANIEL HERRERA PAVON<br><br>*Defendant(s)* | )<br>)<br>) Case No. 25-MJ-1119<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 12, 2025__ in the county of __Philadelphia__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Reentry after Deportation |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

/s/ John Schlear
*Complainant's signature*

John Schlear, Deportation Officer, ICE ERO
*Printed name and title*

Sworn to before me and signed by telephone.

Date: 5/29/2025

Carol Sandra Moore Wells  Date: 2025.05.30 14:54:45 -04'00'
*Judge's signature*

City and state: Philadelphia, Pennsylvania   Honorable Carol S. Wells, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

1. I, John M. Schlear, am a Deportation Officer at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have served as a Deportation Officer with ICE since September 29, 2019. As a Deportation Officer, I conduct investigations related to violations of the Immigration and Nationality Act, specifically foreign-born nationals who have been deported from the United States and subsequently re-entered the United States illegally. I am currently assigned to the ICE Enforcement and Removal Operations ("ERO") Philadelphia, Pennsylvania Field Office, and my duties include investigating violations of Title 8 of the United States Code, including violations of immigration offenses.

2. I have prepared this affidavit in support of a criminal complaint against Daniel HERRERA PAVON ("HERRERA PAVON") because there is probable cause to believe that HERRERA PAVON, an alien, that is, an individual who is not a citizen or national of the United States, re-entered the United States after removal, in violation of 8 U.S.C. § 1326(a).

3. This affidavit is based on information I obtained from my personal observations, my training and experience, review of documentary evidence, and information provided to me by other members of the investigation. Because this affidavit is submitted only for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, it does not include all information known to the government as a result of the investigation.

## PROBABLE CAUSE

4. As set forth below, on May 12, 2025, I became aware that HERRERA PAVON, a citizen and national of the Dominican Republic, was illegally present in Philadelphia, Pennsylvania, after having been deported.

5. On May 12, 2025, investigators for the Pennsylvania Attorney General's Office Bureau of Narcotics Investigation and agents of Homeland Security Investigations encountered an individual (who was later determined to be HERRERA PAVON) at 620 Fanshawe St. in Philadelphia, Pennsylvania, a residential building, pursuant to a narcotics operation conducted by these agencies. During the encounter, this individual provided the law enforcement officials with a passport and another identity document from the Dominican Republic identifying himself as HERRERA PAVON. As a result, the agents contacted ICE Supervisory Detention and Deportation Officer Damon Brown to determine whether ICE had records of HERRERA PAVON.

6. Using this information obtained from this individual, Officer Brown searched the ICE records system for information about HERRERA PAVON. During this search, Officer Brown located records for a Daniel Herrera Pavon who the same name and birth date. According to these records, this Daniel Herrera Pavon had been removed from the United States on two prior occasions. Officer Brown then compared the photographs of the Daniel Herrera Pavon in ICE records to the photograph in the passport (provided by HERRERA PAVON) and determined that they appeared to be the same individual.

7. Based upon this information, officers from Philadelphia ERO, Fugitive Operations Team ("FOT") arrested the individual at the residence (HERRERA PAVON) on May 12, 2025, and served him with Form I-871, Notice of Intent/Decision to Reinstate Prior Order. ERO officers then transported this individual (HERRERA PAVON) to the Philadelphia ICE office and fingerprinted him. Analysis of these fingerprints revealed that they matched the fingerprints of the Daniel Herrera Pavon in ICE records, who had been assigned FBI number 111708HB9 during a prior encounter with law enforcement.

8. On or about May 12, 2025, I conducted a check in the National Crime Information Center ("NCIC") database for HERRERA PAVON's criminal history, as well as his immigration history. Under the FBI number identified (111708HB9), I discovered that HERRERA PAVON had a previous encounter with ICE. I then conducted further database checks for HERRERA PAVON's immigration history in the United States. I found that on or about April 13, 2000, an immigration judge in Philadelphia, Pennsylvania had ordered HERRERA PAVON removed from the United States to the Dominican Republic. I also found that May 4, 2005, HERRERA PAVON had been removed from the United States to the Dominican Republic.

9. On May 12, 2025, I conducted an interview of HERRERA PAVON at the Philadelphia ICE office. I advised him of his Fifth Amendment rights in the Spanish language, and HERRERA PAVON was provided with an ICE Statement of Rights and Waiver form in Spanish. HERRERA PAVON waived his right to remain silent and signed the *Miranda* waiver.

10. HERRERA PAVON stated that his name was Aldrin Daniel Herrera Pavon, and he was born in the Dominican Republic on July 21, 1969. He admitted the following:

    a. he was a citizen of the Dominican Republic;

    b. he entered the United States through Mexico in 2021 without inspection by an immigration officer,

    c. he has no document that permits him to legally reside in the United States;

    d. he had last been deported from the United States in 2009; and

    e. he did not obtain permission from the Secretary of Homeland Security or the United States Attorney General to re-enter the United States after his deportation.

11. Based on my review of Department of Homeland Security's electronic databases, I have made the following conclusions:

   a. HERRERA PAVON is a citizen and national of the Dominican Republic.

   b. HERRERA PAVON's date of birth is July 21, 1969.

   c. On or about April 13, 2000, HERRERA PAVON was ordered removed from the United States by in immigration judge pursuant to Section 212(a)(2)(C) and Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended.

   d. On or about May 4, 2005, HERRERA PAVON was removed from the United States to the Dominican Republic. At the time of removal, ICE officials executed Form I-205, Warrant of Removal/Deportation, in connection with HERRERA PAVON'S removal/deportation, and the form contains HERRERA PAVON'S name, photograph, alien number, signature, and fingerprint.

   e. On or about September 5, 2007, HERRERA PAVON was again found in the United States.

   f. On or about February 19, 2008, HERRERA PAVON was convicted in the United States District Court, Southern District of Texas for the offense of Alien Unlawfully Found in the United States After Deportation, in violation of USC Section 1326(a), for which a sentence of 24 months of imprisonment was imposed.

   g. On July 22, 2009, HERRERA PAVON was again removed from the United States to the Dominican Republic. At the time of removal, ICE

        officials executed Form I-205, Warrant of Removal/Deportation, in connection with HERRERA PAVON'S removal/deportation, and the form contains HERRERA PAVON's name, photograph, alien, number, signature and fingerprint.

12. On May 29, 2025, I received a fingerprint analysis from a HSI fingerprint specialist. This analysis concluded that the fingerprints taken from the individual at the residence on May 12, 2025 matched the fingerprints on (i) HERRERA PAVON's July 22, 2009 Form I-205, (ii) his April 13, 2000 Form I-294, Warning to Alien Ordered Removed or Deported, and (iii) his May 4, 2005 Form I-205.

13. A search of DHS databases revealed that HERRERA PAVON did not seek permission of the United States Attorney General, or his successor, the Secretary of the Department of Homeland Security, for permission to reapply for admission to the United States following his 2009 removal as required by 8 U.S.C. § 1360(d).

14. HERRA PAVON is currently in custody at the Philadelphia Federal Detention Center.

## CONCLUSION

Based on the foregoing, I believe that probable cause exists to believe that Daniel HERRERA PAVON illegally re-entered the United States after removal, in violation of Title 8,

United States Code, Section 1326(a).  I respectfully ask that the Court issues a warrant ordering his arrest for said crime.

/s/ *John M. Schlear*
John M. Schlear
Deportation Officer
Immigration and Customs Enforcement

Subscribed to and sworn telephonically this ___ day of May 2025.

Carol Sandra Moore Wells  Date: 2025.05.30 14:55:01 -04'00'
HONORABLE CAROL S. WELLS
United States Magistrate Judge